UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **LAURA L. WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:21-cv-00468-SLC |
| | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** *sued as Kilolo Kijakazi,* | ) |
| *Acting Commissioner of the Social* | ) |
| *Security Administration,* | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Laura L. Williams appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB") and Disabled Widow's Benefits ("DWB") under Title II of the Social Security Act, 42 U.S.C. § 405(g). (ECF 1). Because at least one of Williams's two arguments is persuasive, the Commissioner's decision will be REVERSED, and the case REMANDED to the Commissioner for further proceedings in accordance with this Opinion and Order.

### I. FACTUAL AND PROCEDURAL HISTORY

Williams applied for DIB and DWB in February 2020 and March 2020, respectively, alleging disability as of September 1, 2016. (ECF 14 Administrative Record ("AR") 29-30, 238, 247-48).[1] She was last insured for DIB on December 31, 2021, and thus with respect to her DIB application, she must establish that she was disabled by that date. (AR 29-30); *see Stevenson v.*

---

[1] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top left of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

*Chater*, 105 F.3d 1151, 1154 (7th Cir. 1997) (explaining that a claimant must establish that he was disabled by her date last insured in order to recover DIB). Additionally, given that Williams's spouse died on January 27, 2010, she must show she was disabled on or before January 31, 2017, to be eligible for DWB. (AR 30); *see* 20 C.F.R. § 404.335.

Williams's claim was denied initially and upon reconsideration. (AR 120-21, 142-43). On July 9, 2021, administrative law judge ("ALJ") Stephanie Katich conducted an administrative hearing (AR 47-83), and on July 23, 2021, rendered an unfavorable decision to Williams, concluding that she was not disabled because, despite the limitations caused by her impairments, she could perform her past relevant work. (AR 29-41). The Appeals Council denied Williams's request for review (AR 6-16), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

Williams filed a complaint with this Court on December 20, 2021, seeking relief from the Commissioner's decision. (ECF 1). In her opening brief, Williams contends the physical residual functional capacity ("RFC") assigned by the ALJ failed to adequately account for her upper extremity limitations and her inability to sit for prolonged periods. (ECF 20 at 5).

On the date of the ALJ's decision, Williams was fifty-two years old (AR 41, 84); had a high school education (AR 271); and owned a trucking and transportation business for thirteen years (*id.*). In her application, Williams alleged disability due to stage-one lung cancer, severe degenerative disc disease, carpal tunnel syndrome in wrists, "spot on spine," and psoriasis. (AR 270).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

2

Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation and quotation marks omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (citations omitted). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant seeking DIB or DWB must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).[2] A physical or mental impairment is "an

---

[2] The regulations specific to DWB are at 20 C.F.R. §§ 404.330 to 404.349. Given that 20 C.F.R. § 404.335(c) incorporates the DIB definition of disability into the DWB regulation, the definitions of disability for

3

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently unemployed in substantial gainful activity, (2) whether she has a severe impairment, (3) whether her impairment is one that the Commissioner considers conclusively disabling, (4) whether she is incapable of performing her past relevant work, and (5) whether she is incapable of performing any work in the national economy.[3] *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520. "[A]n affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (citation omitted). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id.* (citation omitted). The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford*, 227 F.3d at 868.

### B. The Commissioner's Final Decision

In the final decision of the Commissioner, the ALJ observed at the outset that Williams last met the insured status requirements for DIB on December 31, 2021, and that her prescribed period for DWB ended on January 31, 2017. (AR 31-32). At step one of the five-step analysis, the ALJ found that Williams had not engaged in substantial gainful activity since her alleged

---

DIB and DWB are the same. Therefore, for convenience, the Court will cite solely to the DIB regulations herein.

[3] Before performing steps four and five, the ALJ must determine the claimant's RFC or what tasks she can do despite her limitations. 20 C.F.R §§ 404.1520(a)(4), 404.1520(e), 404.1545(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. *Id.* § 404.1520(e).

onset date, September 1, 2016. (AR 32). At step two, the ALJ found that Williams had the following severe impairments: status post right middle lobectomy secondary to carcinoid tumor of right lung, degenerative disc disease/sacroiliitis of the lumbar spine, multilevel degenerative disc disease of the cervical spine, chronic pain syndrome, bilateral trigger finger, and thoracic spondylosis/radiculopathy. (*Id.*). At step three, the ALJ concluded that Williams did not have an impairment or combination of impairments severe enough to meet or equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 34).

The ALJ assigned Williams the following RFC:

> [T]he claimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can occasionally climb ramps and stairs, she can never climb ladders, ropes, scaffolds, she can occasionally balance, stoop, kneel, crouch and crawl, she should avoid concentrated exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, poor ventilation, vibration, including vibratory hand tools and surfaces, and wet, slippery or uneven surfaces, and the claimant can frequently handle, finger and feel using the bilateral upper extremities.

(AR 36).

The ALJ determined at step four that given the foregoing RFC, Williams could perform her past relevant work as a business owner as actually performed, and as a payroll clerk, accounting clerk supervisor, and accounts payable clerk as actually and generally performed. (AR 41). Therefore, Williams's applications for DIB and DWB were denied. (*Id.*).

### C. Physical RFC

Williams contends that the ALJ erred when assigning her physical RFC by failing to adequately account for her upper extremity limitations and her inability to sit for prolonged periods. (ECF 20 at 5). The Court will begin with Williams's argument that she cannot sit for prolonged periods as required to perform sedentary work.

The RFC is "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning eight hours a day, for five days a week. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (bold emphasis omitted). That is, the "RFC does not represent the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id.*; *see also Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1).

> The [RFC] assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomatology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence.

SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996); *see* 20 C.F.R. § 404.1545(a)(3). When determining the RFC, the ALJ must consider all medically determinable impairments, mental and physical, even those that are non-severe. 20 C.F.R. § 404.1545(a)(2); *see also Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008).

In assigning the RFC, the ALJ limited Williams to sedentary work, which requires the capacity to sit for up to six hours in an eight-hour workday. *See Collins v. Astrue*, 324 F. App'x 516, 520 (7th Cir. 2009) (citing 20 C.F.R. § 404.1567(a); SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983)); *see also Jens*, 347 F.3d at 213. As Williams points out, the record reflects that sitting for prolonged periods aggravates her pain. (ECF 20 at 17 (citing AR 392, 653, 661, 686, 706, 712, 808, 811-12, 824, 826, 834, 838, 852, 856, 859, 862, 917, 923, 929, 933, 938)). However, when crafting the RFC and posing hypotheticals to the VE, the ALJ did not include any limitations to account for Williams's inability to sit for prolonged periods. *See Liggins v. Colvin*, 593 F. App'x 564, 568 (7th Cir. 2015) (remanding where the ALJ ignored the claimant's

6

testimony and medical evidence that she could not sit for more than thirty minutes when assigning an RFC for sedentary work); *Washington v. Colvin,* No. 12 C 4995, 2013 WL 1903247, at *11 (N.D. Ill. May 7, 2013) (remanding the ALJ's decision for failing to explain why she rejected the claimant's testimony of her sitting limitations when assigning an RFC for sedentary work).

Further, the ALJ erred, at least in part, when relying on the opinions of the reviewing state agency physicians, M. Brill, M.D., and J.V. Corcoran, M.D., to support an RFC for sedentary work. (*See* AR 89-91, 98-100, 107-09, 116-18, 128-30, 138-40). The ALJ explained that she relied on the state agency physicians' opinions in assigning Williams a sedentary RFC given that these doctors concluded she could "perform sedentary work with standing and/or walking 4 of 8 hours and additional postural and environmental limits." (AR 40; *see also* AR 37 ("State agency medical consultants already limited the claimant to sedentary work and the medical evidence of record does not support a finding that she cannot sustain even sedentary work.")). While it is true that Dr. Brill and Dr. Corcoran both found that Williams could perform six hours of sitting and four hours of standing in a workday, the ALJ failed to consider that Dr. Brill *also* included a restriction that Williams "[m]ust periodically alternate sitting and standing to relieve pain and discomfort." (*Compare* AR 89, 98, 107, 116, *with* AR 128, 138). The ALJ never mentioned this additional restriction assigned by Dr. Brill, much less explain why it was omitted from the assigned RFC and the hypotheticals posed to the VE.

"An ALJ may not selectively discuss portions of a physician's report that support a finding of non-disability while ignoring other portions that suggest disability." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citation omitted). "The ALJ must evaluate the record fairly. Thus, although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore

7

an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citations omitted); *see also John B. v. Saul*, No. 2:18-cv-00223-JVB-JEM, 2019 WL 4233744, at *2 (N.D. Ind. Sept. 5, 2019) (citing *Zurawski*, 245 F.3d at 888); *see generally Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) ("One inference from a silent opinion is that the ALJ did not reject the evidence but simply forgot it or thought it irrelevant.").

Here, the ALJ credited Dr. Brill's opinion as to sedentary work but, without explanation, rejected Dr. Brill's inclusion of a sit-to-stand provision in Williams's physical RFC and in the hypotheticals posed to the VE. Having said that, Dr. Corcoran did *not* include a sit-to-stand provision in his opinion, and consequently, the ALJ's assigned RFC is not without some support. Yet, given this conflict in medical evidence, the ALJ should have discussed and resolved the conflict in the two state agency physicians' opinions, rather than ignore it—particularly where the ALJ indicated that he relied on *both* of their opinions to conclude that Williams could perform sedentary work. (AR 40 (citing Dr. Brill's and Dr. Corcoran's opinions)); *see Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003) (noting that when the ALJ fails to mention key evidence in his opinion, the court is left to wonder whether such evidence was even considered). "Where conflicting evidence allows reasonable minds to differ, the responsibility for resolving the conflict falls on the ALJ, not the court." *Lee v. Barnhart*, No. 01 C 2776, 2003 WL 260682, at *5 (N.D. Ill. Feb. 6, 2003) (citing *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)). "The Commissioner cannot now rely on post hoc arguments to resolve such conflicts in medical evidence."[4] *Sommer v. Saul*, No. 1:19-cv-00492-JVB-SLC, 2020 WL 6809260, at *6

---

[4] In her response brief, the Commissioner cites to the ALJ's discussion of the state agency physicians' opinions, emphasizing that they found she was capable of performing sedentary work. But in doing so, the Commissioner cites only to Dr. Corcoran's opinion, omitting that the ALJ actually cited and relied on Dr. Brill's opinion as well. (*Compare* ECF 26 at 13 (citing AR 40, 137-40), *with* AR 40 (citing AR 89-91, 98-100, 107-09, 116-18, 128-30, 138-40)).

(N.D. Ind. Oct. 30, 2020) (citation omitted).

In sum, the ALJ failed to build a logical bridge from Dr. Brill's opinion to the assigned RFC and hypotheticals posed to the VE. Therefore, the Court will remand the Commissioner's final decision for reconsideration of Dr. Brill's opinion and the physical RFC.[5] "The court has to be able to trace the path of the ALJ's reasoning from evidence to conclusion. Even if the court agrees with the ultimate result, the case must be remanded if the ALJ fails in his or her obligation to build that logical bridge." *Thelmarae W. v. Saul*, 476 F. Supp. 3d 717, 724 (7th Cir. 2020) (citations omitted); *see, e.g.*, *Fahima H. v. Comm'r of Soc. Sec.*, No. 20-CV-0292MWP, 2021 WL 3615702, at *4 (W.D.N.Y. Aug. 16, 2021) (remanding case where the ALJ applied significant weight to a medical source opinion, but then ignored certain limitations included in the opinion when assigning the RFC).

A final point, though Williams asks the Court to reverse the Commissioner's decision and remand for an outright award of benefits (ECF 20 at 19), the Court declines to do so. "An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005) (citation omitted); *see also Bray v. Astrue*, No. 2:10-CV-00352, 2011 WL 3608573, at *10 (N.D. Ind. Aug. 15, 2011). Here, the record does not "yield but one supportable conclusion" in Williams's favor, *Briscoe ex rel. Taylor*, 425 F.3d at 355 (citation omitted), and therefore, the case will be remanded to the Commissioner for reconsideration of Dr. Brill's opinion and the physical RFC.

---

[5] Because this case is being remanded to reconsider Dr. Brill's opinion and the physical RFC with respect to Williams's limitations in prolonged sitting, the Court need not reach Williams's argument challenging the upper extremity limitations assigned in the RFC.

9

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED, and the case is REMANDED to the Commissioner for further proceedings in accordance with this Opinion and Order. The Clerk is DIRECTED to enter a judgment in favor of Williams and against the Commissioner.

SO ORDERED.

Entered this 27th day of February 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge