UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **LAURA L. WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CAUSE NO. 1:21-cv-00468-SLC |
| | ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| *sued as Martin O'Malley, Commissioner of the* | ) |
| *Social Security Administration,*[1] | ) |
| | ) |
| **Defendant.** | ) |

### OPINION AND ORDER

Plaintiff Laura L. Williams brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On February 27, 2023, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Williams's favor. (ECF 30, 31).

Williams's attorney, Jason Rodman ("Counsel"),[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $16,108.92, less an offset of $8,797.17 for attorney fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $7,311.75 for Counsel's representation of Williams in federal court. (ECF 36). The Commissioner does not oppose Counsel's fee request. (ECF 37). For the following reasons, the motion for attorney fees will be

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Andrew Saul in this case. *See Melissa R. v. O'Malley,* No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

[2] Williams is also represented in this matter by Attorneys Randal Forbes and Ann Young of the same law firm, Forbes Rodman. P.C. (ECF 3, 4). Therefore, "Counsel" as used herein shall refer to any or all of these three attorneys.

GRANTED.

### A. Factual and Procedural Background

On December 6, 2021, Counsel entered into a fee agreement with Williams for his representation of Williams in federal court, in which Williams agreed to pay Counsel 25 percent of any past-due benefits awarded to her and her family. (ECF 36-1).[3] On December 20, 2021, Williams, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Williams's favor and remanded the case on February 27, 2023. (ECF 30, 31).

On May 24, 2023, Counsel filed a request for attorney fees under the EAJA in the amount of $8,797.17, plus $402 in costs, for the 37.9 hours (36.2 attorney hours plus 1.7 research assistant hours) his firm spent advocating Williams's claim in federal court. (ECF 32, 32-3). The Court granted the unopposed motion and awarded Williams $8,797.17 in EAJA fees, plus $402 in costs. (ECF 35).

In January 2024, the Commissioner sent Williams a notice of award, informing that he was found disabled as of June 9, 2020, and entitled to monthly disability benefits beginning December 2020. (ECF 36-5). The Commissioner further explained that Williams was entitled to $64,435.70 in past-due benefits, but that the Commissioner withheld 25 percent of that amount, $16,108.93, to pay Williams's attorneys. (*Id.* at 7).

On August 5, 2024, Counsel filed the instant motion, together with a supporting memorandum and documents, seeking the Court's approval of a § 406(b) award in the amount of $16,108.92, less an offset for $8,797.17 in EAJA fees previously awarded, resulting in a net

---

[3] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

2

payment of $7,311.75 from Williams's withheld past-due benefits for Counsel's representation before this Court. (ECF 36, 36-1 to 36-5).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id.*; *see Arnold v. O'Malley*, 106 F.4th 595, 599 (7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Gisbrecht*, 535 U.S. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018). "[A] petition for fees under § 406(b)(1) must be brought

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." (citations omitted)).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $16,108.92 under the fee agreement and § 406(b) is "a

reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits from the Commissioner indicates that Williams was awarded $64,435.70 in past-due benefits. (ECF 36-5). As such, the fee amount that Counsel requests, $16,108.92, does not exceed 25 percent of Williams's total past-due benefits.

Counsel contends that the requested fee award of $16,108.92 is reasonable for the 37.9 hours (36.2 attorney hours plus 1.7 paralegal hours) his firm spent representing Williams in federal court. (ECF 36 ¶ 13; ECF 36-2). It is obvious that Counsel obtained a good result for Williams, as the Commissioner ultimately found her disabled and awarded her disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *see also Arnold*, 106 F. 4th at 601. In doing so, Counsel requested, and was granted, one 30-day and one 10-day extension of time to file the opening brief (ECF 16 to ECF 19), and one 30-day extension of time to file the reply brief (ECF 27, 28). While this extended the briefing period to some extent, the extensions did not unduly delay the case overall. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits). Nor is there any indication that Williams was dissatisfied with Counsel's representation. *See Arnold*, 106 F.4th at 601 (identifying "the claimant's satisfaction with their attorney's representation" as a factor to consider in 406(b) fee cases).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases."). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Further, Counsel's requested fee of $16,108.92 divided by the 37.9 hours spent on the case in federal court equates to an effective rate of about $425 per hour, which is well within the range of past awards approved by this Court. *See, e.g. Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul*, No. 1:17-cv-0090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour). This bolsters the Court's conclusion that the contingent-fee arrangement will not result in unreasonable fees, as there is no indication that "the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold*, 106 F.4th Cir. at 600 (citation omitted).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $16,108.92, less an offset for $8,797.17 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $7,311.75. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)).

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 36) is GRANTED in the amount of $16,108.92, less an offset for $8,797.17 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $7,311.75. The Commissioner shall pay Counsel $7,311.75 out of Williams's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Williams. Counsel is allowed to retain the $8,797.17 in EAJA fees previously awarded.

SO ORDERED.

Entered this 26th day of August 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge